**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES CURTIS,

      Plaintiff-Appellant,

    v.

TRANSLOGIC CORPORATION,

      Defendant-Appellee,

and

INTERNATIONAL ASSOCIATION
OF MACHINISTS AND
AEROSPACE WORKERS,

      Defendant.

No. 01-1152

(D. Colorado)

(D.C. No. 99-S-1954)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f).  The case is therefore submitted without oral argument.

Proceeding pro se, the plaintiff Charles Curtis filed this action against Translogic Corporation ("Translogic"), his former employer, alleging that it subjected him to disciplinary action and eventually terminated his employment on the basis of his race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).  Translogic filed a motion for summary judgment, arguing that there were legitimate reasons for the disciplinary action and the termination of employment.  Translogic presented evidence of deficiencies in Mr. Curtis's performance as a journeyman in its Assembly Department and evidence that, in light of these deficiencies, disciplinary action and termination of Mr. Curtis's employment was warranted under the company's quality inspection policies and procedures.  Mr. Curtis did not file a response to the summary judgment motion.

On appeal, Mr. Curtis argues that his work performance was similar to that of a white employee who was not terminated.  He states that he "ha[s] witnesses and signatures to back my claim of racial discrimination." Aplt's Br. at 3.  He thus maintains that the district court erred in granting summary judgment to Translogic.

Mr. Curtis's argument does not establish that the district court erred in granting Translogic's summary judgment motion. Although we must construe their pleadings liberally, _see_ Haines v. Kerner_, 404 U.S. 519, 520 (1972) (per Curiam), pro se litigants must still follow the same rules of procedure that govern other litigants. _See_ Green v. Dorrell_, 969 F.2d 915, 917 (10th Cir. 1992) (noting that pro se litigants must comply with the court's local rules). Under Rule 56 of the Federal Rules of Civil Procedure, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; instead, he "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In the district court proceedings, Mr. Curtis did not set forth such facts, and, on appeal, he merely stated that he "forgot to respond in time." Aplt's Br. at 4. In light of Translogic's evidence supporting its contention that there were legitimate reasons for its actions against Mr. Curtis and in light of Mr. Curtis's failure to respond to this evidence, the district court properly granted summary judgment to Translogic.

We therefore AFFIRM the district court's decision for substantially the same reasons as set forth in its March 23, 2001, order.

Entered for the Court,

Robert H. Henry
Circuit Judge

-3-